UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

|  |  |
|---|---|
| MICHAEL KNUREK ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> AMERICAN PROFIT RECOVERY ) <br> Defendant, ) | Civil Action No. 1:18-cv-12172 |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

*I.   INTRODUCTION*

1.  This is an action for actual and statutory damages brought by plaintiff Michael Knurek, an individual consumer, against Defendant's violations of the law, including, but not limited to, violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter ''FDCPA'') which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, by Defendant and its agents in their illegal efforts to collect a consumer debt from Plaintiff.

## II.     JURISDICTION

2.  Jurisdiction of this court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before, "[A]ny appropriate United States district court without regard to the amount in controversy," and also under 28 U.S.C. § 1337.

3.  Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred here.  Since Defendant transacts business here, personal jurisdiction is established.

## III.     PARTIES

4.  Plaintiff, <u>Michael Knurek</u> is a consumer, as that term is defined by 15 U.S.C. § 1692a(3), as well as a natural person allegedly obligated to pay any debt, residing in <u>Hampden County</u>, in the state of <u>Massachusetts</u>.

5.  Defendant, <u>American Profit Recovery</u> is a collection agency and domestic corporation engaged in the business of collecting debt in this state with its principal place of business located in <u>Middlesex County</u>, in the state of <u>Massachusetts</u>.

6.  Plaintiff is informed and believes, and thereon alleged, that Defendant uses instrumentalities of interstate commerce or the mails in any business, the principal purpose of which being the collection of debts.  Defendant is engaged in the collection of

debts from consumers using the mail, electronic mail, facsimile, and telephone, and regularly collects or attempts to collect, directly or indirectly, debts owed or due or alleged to be owed or due another, being a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

7. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV. FACTUAL ALLEGATIONS

8. Sometime before October 17, 2018, Plaintiff allegedly incurred a financial obligation that was primarily for personal, family, or household purposes and is therefore a 'debt', as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

9. Upon information and belief, at some point the alleged debt was consigned, placed or otherwise transferred to Defendant for collection from Plaintiff.

10. The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment, as, again, defined by the FDCPA, 15 U.S.C. § 1692a(5).

11. Defendant then, within one year prior to the filing of this complaint, began contacting Plaintiff, and placing collection calls to Plaintiff prior to October 17, 2018; seeking and demanding payment for an alleged consumer debt owed under an account number.

12. Within one year prior to the filing of this complaint, On October 19, 2017, Plaintiff received a telephone call from Defendant which last approximately nine minutes, on his cellular telephone number ending in XXX-XXX-2471, seeking and demanding payment for an alleged debt.

13. Plaintiff voiced his concerns to Defendant regarding the validity of the debt, and that he wanted to dispute the debt, but he did not state that he refused to pay on the debt. Plaintiff wanted to ensure the debt was valid.  Defendant's agent lied and made a false misrepresentation, telling Plainitff that he was refusing to pay on the debt or negotiate a settlement, when he knew that was not true.

14. Plaintiff insisted and told Defendant multiple times that he was not refusing to pay on the debt, but was merely challenging the validity of it and requesting more information about it.  Defendant's agent unfairly stated that the account would be marked as refused to be paid, when he knew this was action that he could not take, because it was not true.  Defendant's agent stated this, and used this unfair tactic, in order to try to scare Plaintiff.  Defendant knew that this statement would harass and annoy Plaintiff, but took

said action anyway, and also hung up the phone on Plaintiff, knowing this would harass or annoy him as well.

15. These calls by Defendant were "communications", as defined by 15 U.S.C. § 1692a(2), and they were in violation of the FDCPA, including but not limited to 15 U.S.C. §§1692d, §1692e, and §1692f.

## V.     CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

16. Plaintiff repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the provisions of the FDCPA, 15 U.S.C. § 1692 et seq., cited above, with respect to Plaintiff.

18. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

19. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff for actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages in an amount up to $1000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A), and reasonable costs and attorney fees pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

## VI.     PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

A. Actual damages from Defendant pursuant to 15 U.S.C. § 1692k(a)(1) for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations, in an amount to be determined at trial and for Plaintiff.

B. Statutory damages of $1,000.00 from Defendant pursuant to 15 U.S.C. § 1692k(a)(2)(A).

C. Costs and reasonable attorney fees from Defendant and for Plaintiff pursuant to 15 U.S.C. § 1692k(a)(3).

D. Punitive damages.

E. For such other and further relief as the Court may deem just and proper.

Dated: October 17, 2018                              RESPECTFULLY SUBMITTED,

By: /s/ Kevin Crick
Kevin Crick, Esq.
BBO: 680950
Rights Protection Law Group, PLLC
8 Faneuil Hall Marketplace, Third Floor Boston, Massachusetts 02109
Phone: (617) 340-9225
Fax: (888) 622-3715
k.crick@rightsprotect.com
**Attorney for Plaintiff**

# DEMAND FOR JURY TRIAL

Please take notice that plaintiff Michael Knurek demands trial by jury in this action on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.